# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

U.S. BANK NATIONAL ASSOCIATION AS )
TRUSTEE FOR TERWIN MORTGAGE )
TRUST 2004-13ALT )
ASSET-BACKED CERTIFICATES, TMTS )
SERIES 2004- 13ALT, )
 )
               Plaintiff, )
   vs. )
 )
FIDELITY NATIONAL TITLE GROUP, )
INC., *et al.*, )
 )
           Defendants. )
_____ )

Case No.: 2:20-cv-02239-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Remand, (ECF No. 10), filed by U.S. Bank National Association as Trustee for Terwin Mortgage Trust 2004-13ALT Asset-Backed Certificates, TMTS Series 2004- 13ALT ("Plaintiff").  Defendants Fidelity National Title Group, Inc. ("Fidelity"), Chicago Title Insurance Company ("Chicago Title"), and Ticor Title of Nevada, Inc. ("Ticor Nevada"), (collectively "Defendants") filed a Response, (ECF No. 26), and Plaintiff filed a Reply, (ECF No. 28).

Also pending before the Court is Plaintiff's Motion for Costs and Fees, (ECF No. 11). Defendants filed a Response, (ECF No. 26), to which Plaintiff filed a Reply, (ECF No. 28).

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Plaintiff's Motion for Costs and Fees.

//

//

//

## I.   **BACKGROUND**

This case arises from the non-judicial foreclosure sale of the real property located at 3125 North Buffalo Drive, #1106, Las Vegas, Nevada 89128 (the "Property").[1] (Deed of Trust ("DOT"), Ex. 8 to Compl., ECF No. 1-5).  On April 12, 2004, Francois Cevasco ("Borrower") financed his purchase of the Property by way of a $66,500.00 loan secured by a DOT identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id*. at 2).

On January 11, 2012, upon Borrower's failure to stay current on his loan obligations, Desert Shores Homeowners Association ("HOA") initiated foreclosure proceedings on the Property through its agent, Nevada Association Services ("NAS"). (Notice of Delinquent Assessment Lien, Ex. 13 to Pet. Removal, ECF No. 1-5).  In October 2012, MERS assigned its interest to Plaintiff U.S. Bank. (*See* Assignment of DOT, Ex. 9 to Pet. Removal, ECF No. 1-5). On April 5, 2012, HOA via NAS recorded a Notice of Default and Election to Sell. (*See* Notice of Default and Election to Sell, Ex. 14 to Pet. Removal, ECF No. 1-5).  HOA via NAS recorded another Notice of Sale in September 2013. (*See* Notice of Foreclosure Sale, Ex. 15 to Pet. Removal, ECF No. 1-5).  On December 20, 2013, HOA, through NAS, proceeded with the foreclosure sale, selling the Property at a public auction to Paragon Homes, LLC for $12,500.00. (*See* Foreclosure Deed, Ex. 16 to Pet. Removal, ECF No. 1-5).

---

[1] The Court takes judicial notice of the following documents: (A) a copy of Chicago Title's license from the Department of Insurance's website; (2) a copy of Ticor Nevada's license from the Department of Insurance's website; and (3) a copy of Ticor Nevada's Certificate of Compliance issued by the Nevada Division of Insurance. (*See* Request for Judicial Notice, Ex. 1 to Defs.' Resp. to Mot. Remand, ECF No. 26-1).  These documents are appropriate for judicial notice. *See 1209 Vill. Walk Tr., LLC v. Broussard*, No. 2:15-cv-01903-MMD-PAL, 2019 U.S. Dist. LEXIS 18040, at *5 (D. Nev. Feb. 4, 2019) (taking judicial notice of Federal Housing Finance Agency's statement available on the federal government's website); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); *see also Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (finding that a "court may judicially notice matter of public record").

On October 30, 2014, Paragon Homes, LLC filed a Complaint in the Eighth Judicial District Court against Greenpoint Mortgage Funding, Inc., Plaintiff, and Francois Cevasco in Case No. A-14-709206-C, alleging the following claims: (1) quiet title/declaratory relief pursuant to NRS 20.10 et seq. and NRS 40.010 et seq.; (2) unjust enrichment; and (3) preliminary and permanent injunction. (Compl. ¶¶ 41–69, *Paragon Homes, LLC v. Greenpoint Mortgage Funding, Inc. et al.*, Case No. A-14-709206-C, ECF No. 1). The case ultimately settled. (*See Compl.*, ¶ 95).

On November 24, 2014, Plaintiff submitted a claim under the Title Insurance Policy (the "Policy") to Defendant Chicago Title. (Notice of Title Insurance Claim, Ex. 20 to Pet. Removal, ECF No. 1-6). In the claim, Plaintiff alleges that the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. Adv. Op. 75 (2014), prejudices its secured interest in the Property. (*Id.* at 2). Based on this opinion, Plaintiff U.S. Bank requests that Chicago Title cure the title issues and indemnify U.S. Bank pursuant to the Policy. (*Id.*). On December 10, 2014, Defendant Chicago Title denied coverage, asserting that the "claim does not fall within the initial insuring provisions of the Policy or the CLTA Form 100 Endorsement"—two provisions that insured against loss of damage under the Policy. (*See* Letter from Chicago Title, Ex. 21 to Pet. Removal, ECF No. 1-6).

Plaintiff thereafter filed the instant suit in the Eighth Judicial District Court, asserting the following claims: (1) declaratory judgment that the Policy provided full coverage; (2) breach of contract; (3) bad faith and breach of the covenant of good faith and fair dealing; (4) deceptive trade practices in violation of NRS § 41.600 and NRS § 598.0915; and (5) violation of NRS 686A.310. (*See* Compl. ¶¶ 126–190). The next day, Defendants removed the case based on diversity jurisdiction before any Defendants were served.[2] (*See* Pet. Removal 2:2–3:8).

---

[2] Defendant Chicago Title is a citizen of Florida, and Defendant Fidelity is a citizen of Delaware and Florida. (Compl. ¶¶ 2–3). Defendant Ticor Nevada, however, is a citizen of Nevada. (*Id.* ¶ 5).

Plaintiff subsequently filed the instant Motion for Remand and Motion for Costs and Fees pursuant to 28 U.S.C. § 1447(c). (*See generally* Mot. Remand, ECF No. 10); (*see generally* Mot. Costs and Fees, ECF No. 11).

## II.   **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III.   **DISCUSSION**

In its Motion to Remand, Plaintiff argues the following: (1) Defendants improperly removed the case in violation of the forum defendant rule; and (2) Defendant Ticor Nevada was fraudulently joined. (Mot. Remand 5:23–16:9).  Because removal was improper, Plaintiff accordingly requests payment of attorneys' fees and costs under 28 U.S.C. § 1447(c). (*Id*. 16:10–25).  The Court first addresses Plaintiff's Motion to Remand.

//

//

**A.  Motion to Remand, (ECF No. 10)**

Plaintiff first argues that Defendants fail to satisfy diversity jurisdiction because Defendants fail to demonstrate that the amount in controversy, more likely than not, exceeds the $75,000.00 jurisdictional bar. (Mot. Remand 5:24–7:9).  Additionally, Plaintiff contends that Defendants improperly removed the case because they removed before Plaintiff properly served any of the Defendants under 28 U.S.C. § 1441. (*Id*. 7:21–13:11).  Defendants, in rebuttal, assert that the amount in controversy "more like than not" exceeds the $75,000.00 requirement. (Resp. to Mot. Remand 6:12–13:15, ECF No. 26).  Furthermore, Defendants contend that the plain language of the statute allows Defendants to remove the case before any defendant is properly joined and served. (*Id*. 7:17–15:10).  Because no defendants were served prior to removal, Defendants argue that removal was proper. (*Id*.).  The Court first discusses whether Defendants demonstrate that the amount in controversy exceeds the requisite $75,000.00.

i.  Amount in Controversy

In determining the amount in controversy, the Court's "starting point is whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007).  "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996)).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (per curiam).

Here, the amount in controversy is not facially evident from the Complaint. Plaintiff's

prayer for relief includes a request for an unspecified amount of compensatory damages,

punitive damages, and attorney's fees and costs. [3] (Compl. at 29–30). Thus, Defendants must

show, by a preponderance of the evidence, that it is more likely than not that $75,000.00 is at

stake. *Matheson*, 319 F.3d at 1090-91. To this point, Defendants point to Plaintiff's prayer for

repayment of the $66,500.00 loan, punitive damages, and attorneys' fees to satisfy the

jurisdictional threshold. (Pet. Removal ¶ 3); (*see also* Resp. to Mot. Remand 6:26–7:16). The

issue, therefore, is whether Plaintiff's prayer for punitive damages and attorneys' fees push the

amount in controversy in the present case over the $75,000.00 requirement.

### 1. Punitive Damages

Where punitive damages are recoverable under state law, such damages may be

considered in determining the amount in controversy. *Gibson v. Chrysler Corp.,* 261 F.3d 927,

945 (9th Cir. 2001). Because Nevada permits recovery of punitive damages, NRS 42.005,

Plaintiff's prayer for the same may be considered in calculating the amount in controversy. In

situations where the value of punitive damages is unclear, "[t]he defendant bears the burden of

actually proving the facts to support jurisdiction." *Gaus*, 980 F.2d at 567. To establish the

probable amount of punitive damages, a defendant must come forward with evidence, which

may include jury verdicts or settlements in substantially similar cases. *See, e.g., Flores v.*

*Standard Ins. Co.*, No. 3:09-cv-00501-LRH-RAM, 2010 U.S. Dist. LEXIS 7654, 2010 WL

---

[3] Defendants, in their Petition for Removal, state that it is their "understanding that by this action, [Plaintiff[ is
seeking to recover (i) the balance due on the Loan; (ii) its attorney fees in the Underlying Action; (iii) its attorney
fees in this action; and (iv) punitive damages. (Pet Removal ¶ 3). Plaintiff, in its Response to the Motion to
Remand, does not disagree and addresses the same categories of relief, namely the $60,000.00 balance on the
Borrower's loan and punitive damages. (*See* Resp. to Mot Remand 6:24–26) ("[B]ased on the cross-claim that
U.S. Bank filed and attached to the Complaint, it alleged that $60,000 was due and owing on the Borrower's
loan, and since U.S Bank is seeking to recover this amount in this action, at the very least the compensatory
damages sought is $60,000."). Thus, the Court limits its discussion to whether the balance on the loan,
attorney's fees, and punitive damages exceed the $75,000.00 amount-in-controversy requirement.

185949, at *5 (D. Nev. Jan. 15, 2010); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011).

Here, Defendants' argument with respect to punitive damages is too speculative to be credited. Defendants do not attempt to meet its burden, but instead, argue that Plaintiff maintains the burden in demonstrating that "punitive damages are unavailable to a legal certainty." (Resp. to Mot. Remand 7:8–9). However, in the Ninth Circuit, the defendant bears the burden in proving facts to support jurisdiction. *Gaus*, 980 F.2d at 567. Defendants neglect to support its argument with facts from this case or any analogous case to demonstrate the likelihood of a punitive damages award. "Mere allusion, in the absence of supplementary evidence, is insufficient for the Court to determine a probable punitive damages amount." *Cayer v. Vons Cos.*, No. 2:16-cv-02387-GMN-NJK, 2017 U.S. Dist. LEXIS 113698, 2017 WL 3115294, at *3 (D. Nev. July 21, 2017); *see also Hannon v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-1623-GMN-NJK, 2014 U.S. Dist. LEXIS 173128, 2014 WL 7146659, at *3 (D. Nev. Dec. 12, 2014) (excluding punitive damages in the amount in controversy given the defendant's "fail[ure] to identify any particular facts or allegations which might warrant a large punitive damage award."). Following Ninth Circuit precedent, the Court thus does not consider the unspecified punitive damages in calculating the amount in controversy.

### 2. Attorneys' Fees

Without out punitive damages, this leaves Plaintiff's request for attorneys' fees. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Guglielmino*, 506 F.3d at 700 (quoting *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)). "This Court considers attorneys' fees to be within the amount in controversy if the removing party: (1) identifies 'an applicable statute which could authorize an award of attorneys; fees and (2) provide[s] an estimate as to the time the case will require and opposing counsel's hourly

1  billing rate.'" *Cayer*, 2017 U.S. Dist. LEXIS 113698, 2017 WL 3115294, at *2 (quoting

2  *Hannon*, 2014 U.S. Dist. LEXIS 173128, 2014 WL 7146659, at *2).

3       Here, Defendants neither identify a statute nor provide an estimate of counsel's billing

4  rate.  Defendants thus have not met their burden of showing, by a preponderance of the

5  evidence, that more than $75,000 is at stake in this case.  Accordingly, the Court cannot

6  exercise diversity jurisdiction over this matter.

7       **B.  Motion for Fees and Costs, (ECF No. 11)**

8       Plaintiff additionally requests the Court impose costs and actual expenses, including

9  attorney's fees, for drafting the instant Motion to Remand. (Mot. Remand 16:10–25).  Costs

10  and attorney's fees may be awarded against Defendants if its decision to remove was

11  objectively unreasonable.  "Absent unusual circumstances, a court may award costs and

12  attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable

13  basis for seeking removal." *Grancare, LLC*, 889 F.3d at 552 (citing *Martin v. Franklin Capital

14  Corp.*, 546 U.S. 132, 141 (2005)); 28 U.S.C. § 1447(c).  Removal is not objectively

15  unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees

16  would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*,

17  518 F.3d 1062, 1065 (9th Cir. 2008).

18       Here, Defendants' arguments were misplaced, but not objectively unreasonable as to

19  warrant attorney's fees and costs. *See Lussier*, 518 F.3d at 1065 (noting that while "[t]here is no

20  question that [the defendant's] arguments were losers[,] ... removal is not objectively

21  unreasonable solely because the removing party's arguments lack merit, or else attorney's fees

22  would always be awarded whenever remand is granted"); *see also Morales v. Gruma Corp.*,

23  2013 WL 6018040, *6 (C.D. Cal. Nov. 12, 2013) (declining to award attorneys' fees).  The

24  Court accordingly denies Plaintiff's request for attorney's fees and costs.

25  ///

## IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Costs and Fees, (ECF No. 11), is **DENIED**.

**IT IS FURTHER ORDERED** that all other motions currently pending before the Court are **DENIED as moot**.

**DATED** this __17__ day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT